```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
EDSON A. BUCHMILLER,                       CA No.: 11-CV-3814

                  Plaintiff,

      -against-

YONKERS RACING CORPORATION,
YONKERS RACING CORPORATION d/b/a
YONKERS RACWAY CORPORATION,
YONKERS RACING CORPORATION d/b/a
EMPIRE CITY CASINO AT YONKERS
RACEWAY,
YONKERS RACING CORPORATION d/b/a
YONKERS RACEWAY,                           AMENDED COMPLAINT
YONKERS RACING CORPORATION d/b/a
EMPIRE CITY RACE TRACK,
YONKERS RACING CORPORATION d/b/a
YONKERS RACEWAY POLICE DEPARTMENT,
YONKERS RACING CORPORATION d/b/a
EMPIRE CITY GAMING AT YONKERS
RACEWAY,
                  Defendants.
------------------------------------X
```

Plaintiff, by his attorney, STEFANO A. FILIPPAZZO, P.C., complaining of the Defendants, respectfully alleges the following upon information and belief:

**BACKGROUND**

1. That on February 20, 2011 the Plaintiff, was and still is a resident of the County of Queens, and State of New York.

1

2. That on February 20, 2011 the Defendant YONKERS RACING CORPORATION was and still is a domestic business entity organized under the laws of the State of New York.

3. That at all times hereinafter mentioned and on February 20, 2011 the Defendant YONKERS RACING CORPORATION conducted and did business under the assumed name of YONKERS RACWAY CORPORATION.

4. That at all times hereinafter mentioned and on February 20, 2011 the Defendant YONKERS RACING CORPORATION conducted and did business under the assumed name of EMPIRE CITY CASINO AT YONKERS RACEWAY.

5. That at all times hereinafter mentioned and on February 20, 2011 the Defendant YONKERS RACING CORPORATION conducted and did business under the assumed name of YONKERS RACEWAY.

6. That at all times hereinafter mentioned and on February 20, 2011 the Defendant YONKERS RACING CORPORATION conducted and did business under the assumed name of EMPIRE CITY RACE TRACK.

7. That at all times hereinafter mentioned and on February 20, 2011 the Defendant YONKERS RACING CORPORATION conducted and did business under the assumed name of YONKERS RACEWAY POLICE DEPARTMENT.

8. That at all times hereinafter mentioned and on February 20, 2011 the Defendant YONKERS RACING CORPORATION conducted and did business under the assumed name of EMPIRE CITY GAMING AT YONKERS RACEWAY.

## AS AND FOR A FIRST CAUSE OF ACTION

9. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "8" inclusive, as if hereinafter set forth at length.

10. That on February 20, 2011 the Defendant YONKERS RACING CORPORATION was the owner of the premises denominated 810 Yonkers Avenue, Yonkers, New York, (hereinafter referred to as "THE PREMISES").

11. That on February 20, 2011 the Defendant YONKERS RACING CORPORATION was the lessor of THE PREMISES.

12. That on February 20, 2011 the Defendant YONKERS RACING CORPORATION was the lessee of THE PREMISES.

13. That on February 20, 2011 the Defendant YONKERS RACING CORPORATION managed THE PREMISES.

14. That on February 20, 2011 the Defendant YONKERS RACING CORPORATION maintained THE PREMISES.

15. That on February 20, 2011 the Defendant YONKERS RACING CORPORATION controlled THE PREMISES.

16. That on February 20, 2011 the Defendant YONKERS RACING CORPORATION operated THE PREMISES.

17. That on February 20, 2011 the Defendant YONKERS RACING CORPORATION secured THE PREMISES.

18. That on February 20, 2011 while this Plaintiff was lawfully at THE PREMISES, he was caused to sustain severe personal injuries as a result of the negligence on the part of this Defendant.

19. That the aforesaid occurrence was caused by this Defendant's: **False Arrest and Imprisonment**: the presumptively unlawful physical arrest, detainment and confinement of the Plaintiff, which he was aware of and harmed by, without his consent, and without probable cause or other legal privilege or justification. **Negligence**: improperly and carelessly initiating and precipitating a police confrontation with the Plaintiff while he was lawfully at the aforementioned location; in initiating and precipitating a police confrontation with the Plaintiff which was unwarranted under all the circumstances and in violation of the restriction and commonly accepted practices of the Yonkers Police Department; in improperly engaging in and conducting a physical detention of Plaintiff which was unwarranted under all the circumstances and in violation of the restrictions and commonly accepted practices of the Yonkers Police Department; in improperly, carelessly and recklessly using physical force in connection with the physical detention and arrest of

Plaintiff, by <u>inter alia</u>: using excessive force, wrongful force, and improperly applied force under the circumstances; in causing the severe compromise of the Plaintiff through the improper use of such force; in using unwarranted force against the Plaintiff in violation of the guidelines of the NYS Police Department, thereby leading to traumatic injuries; in failing to minimize the dangers of the subject physical detention and arrest by calling for backup officers who were at the scene and using a coordinated approach; in failing to allow the patrol supervisor at the scene to direct and control all activity; in failing to exercise due care in the confrontation, physical arrest, custodial restraint on Plaintiff so as to preserve his life; in failing to exercise due care in the confrontation, physical arrest and custodial restraint of the Plaintiff. This Defendant was further careless, negligent and reckless; in failing to enforce necessary rules, regulations and procedures governing the conduct of police in the use of force during arrest and in the protection of the health and well being of a person placed in custodial restraint - as it applies to the Plaintiff; in its failure to use reasonable care in the employment, training and supervision of its police officers and in the protection of the health and well being of a person placed in custodial restraint; in failing to monitor the skill and

5

level of performance of its personnel in said procedures, including those present at the scene in question so as to determination whether they are/were competent to do their job without danger of harm to others; in failing to appreciate a pattern of conduct of the officers at the scene and others at the scene (before the incident complained of) which would have led a reasonably prudent person to investigate and uncover that such officers were not trained and have confrontational, dangerous and vicious propensities making them ill-suited for the position they were in; in failing to timely and reasonably correct such dispositions or otherwise remove said officers from the force; in allowing, causing and permitting this situation to occur by negligently assigning a patrol supervisor to monitor and control the actions of the members of the patrol that evening who were inexperienced, inadequately trained and ill-suited to the supervisory role assigned; in failing to enforce the requirement that its police officers intervene in a situation when, as here, the force used by an arresting officer was improper and excessive. **Assault and Battery**: that the Plaintiff was subjected to harmful and offensive contact by this Defendant, through its agents, servants and employees acting within the scope of their employment, and by the individual police officers present at the scene, which was intended, without

6

Plaintiff's consent, and without legal justification or other privilege; Further, such force used at the scene was excessive and beyond any privilege which may have existed – though it is alleged that the confrontation was unlawful and that the use of any force was illegal. Section 1983 of 42 USCS that such abusive acts as alleged above were performed by the police officers at the scene in their official capacities and under color of State law, all of which served to deprive Plaintiff of his right to life, happiness, liberty and the protections, rights and privileges of the United States Constitution, the Fourteenth Amendment of the U.S. Constitution and Section 1983 of 42 U.S.C. The City of New York is further liable under 42 U.S.C. Section 1983 in that it has as a matter of policy and practice and with deliberate indifference failed to adequately train, supervise, discipline or otherwise direct it's police officers, including the officers at the scene in this case, concerning the constitutional rights of citizens (including Plaintiff), thereby causing and encouraging the officers in this case to engage in the unlawful conduct described above.

20. This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

21. That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

**WHEREFORE** the Plaintiff demand judgment against the Defendant YONKERS RACING CORPORATION in the First Cause of Action in the sum exceeding the jurisdictional limits of all lower courts; all together with the costs, disbursements and expenses of this action and for such other and further relief as may be just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of the causes of action brought in this Complaint, as authorized by law.

Dated:   Brooklyn, New York
         September 1, 2011

                              Yours etc.,
                              STEFANO A. FILIPPAZZO, P.C.

                              _____
                              STEFANO A. FILIPPAZZO, ESQ.
                              Attorneys for Plaintiff
                              16 Court Street, 29th Floor
                              Brooklyn, New York 11241
                              (718) 855-1350

TO:  Mr. Peter F. Harrington, Esq.
     BLEAKLEY, PLATT & SCHMIDT, LLP
     Attorney for Defendants
     One North Lexington Avenue
     White Plains, New York 10601
     P: 914.949.2700